a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

ANASS YAHYA TAGABO ALTAYB      CIVIL DOCKET NO. 1:25-CV-01615
#A221-148-475,      SEC P
Petitioner

VERSUS      JUDGE DRELL

U S IMMIGRATION & CUSTOMS      MAGISTRATE JUDGE PEREZ-MONTES
ENFORCEMENT ET AL,
Respondents

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Anass Yahya Tagabo Altayb ("Altayb"), an immigration detainee at River Correctional Center in Ferriday, Louisiana. Altayb challenges the legality of his continued detention.

Because Altayb establishes his entitlement to relief, the Petition should be GRANTED.

I.     Background

Altayb is a native and citizen of Sudan. ECF Nos. 1, 9. In a March 7, 2025, order, the Immigration Judge found that Altayb was inadmissible under sections 212(a)(6)(A)(i) and (a)(7)(A)(i)(I) of the Immigration and Naturalization Act ("INA"). Altayb was ordered to be removed to Sudan. ECF No. 9-1 at 3-6. He was denied

asylum, but granted withholding of removal to Sudan pursuant to INA § 241(b)(3). *Id.*

Enforcement and Removal Operations ("ERO") contacted Tunisia, Honduras, and Columbia as potential third countries to which it could send Altayb. All three countries declined on April 17, May 13, and June 26, respectively. ECF No. 9-2 at 1-2. On August 25, 2025, ERO sought assistance with identifying alternative countries for removal. On October 7, 2025, ERO reached out to the Department of State for assistance. As of the date of the Declaration of Assistant Field Office Director Charles Ward, February 3, 2026, no additional alternative third country has been identified. *Id.*

## II.    Law and Analysis

Under 8 U.S.C. § 1231(a)(1)(A), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." Under Section 1231(a)(6), "An alien ordered removed who is inadmissible[,] . . . removable[,] . . . or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3)."

In *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001), the United States Supreme Court rejected the argument that the government could detain a removable noncitizen indefinitely. The Court held that detention is limited to the period "reasonably necessary to secure removal." *Id.* at 699. Therefore, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." *Id.* at

699. The Supreme Court recognized that six months is a "presumptively reasonable period of detention." *Id.* at 701.

If the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing with evidence or release the alien. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018); *Zadvydas*, 533 U.S. at 701.

Because Altayb's removal order became final on March 7, 2025, he has been detained beyond the presumptively reasonable period. So, the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at \*3 (W.D. Tex. Dec. 16, 2025).

Altayb provides good reason to believe that there is no significant likelihood of his removal in the foreseeable future. He identified a specific barrier to his repatriation. Specifically, Altayb was granted withholding of removal to Sudan—the only country of which he is a citizen. *See Hmung v. Bondi*, 25-cv-1303, 2025 WL 3657221, at \*3 (W.D. Okla. Dec. 9, 2025), *report and recommendation adopted, 2025 WL 3670499* (W.D. Okla. Dec. 17, 2025)*; Trejo v. Warden of ERO El Paso E. Montana*, 25-cv-401, 2025 WL 2992187, at \*5 (W.D. Tex. Oct. 24, 2025); *Misirbekov v. Venegas*, 25-cv-00168, 2025 WL 2450991, \*1 (S.D. Tex. Aug. 15, 2025). Additionally, the declaration of Assistant Field Office Director Charles Ward ("Ward") supports Altayb's allegation that his removal is unlikely to occur in the reasonably foreseeable future as ever country identified and contacted has rejected the Government's request.

The Government does not provide sufficient evidence to rebut Altayb's claim. Although it has requested assistance in identifying additional third countries, none have been identified since Columbia's rejection on June 26, 2025. Therefore, there are no outstanding requests for travel documents. In fact, there is no evidence of any effort to remove Altayb in the past four months.

Altayb is not required to "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable," only that that he has "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701-702. The record before the Court establishes that every country identified has refused to accept Altayb, and there are no pending requests for removal. It follows that the likelihood of Altayb being removed in the reasonably foreseeable future is not significant. Accordingly, his continued detention violates the Due Process Clause, as explained in *Zadvydas*.

## III.   Conclusion

Because there is no substantial likelihood of Altayb's removal in the reasonably foreseeable future, IT IS RECOMMENDED that the Petition (ECF No. 1) be GRANTED and Altayb be released under appropriate conditions.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, February 9, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE